# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY BOYCE (# R-52162) ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 13 C 6832 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| ADA JOHNSON, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

The Court denies the motion to dismiss filed by Defendants Ada Johnson, Marcus Hardy, Lydia Dethrow, James Louch, and Ralph Burkybile [73], which Salvador Godinez joined. Johnson, Hardy, Dethrow, Louch, Burkybile, and Godinez shall answer the amended complaint by August 18, 2014. The Court notes that although it granted Godinez's oral motion to join the motion to dismiss, counsel has not filed an appearance on his behalf. Counsel must do so promptly. Plaintiff Anthony Boyce is reminded that he must identify the Doe Defendants and provide their identity to the Court so they may be served within the statute of limitations.

## STATEMENT

Pro se Plaintiff Anthony Boyce alleges that various officials at Stateville Correctional Center violated the Eighth Amendment by placing him in a cell with a window that let in frigid air and a faulty electrical socket that caught fire and burned him, and then were deliberately indifferent to his complaints about the medical care he received for his injuries. He also contends that his mattress was soiled and that he was unable to obtain cleaning supplies for his cell. Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Johnson, Hardy, Dethrow, Louch, and Burkybile, which Godinez joined. The motion focuses on Boyce's claims about the temperature in his cell, his mattress, the electrical socket fire and the resulting burn, and the care provided for the burn, so the Court will likewise focus on these facts and not address Boyce's allegations about his requests for cleaning supplies. For the following reasons, the Court denies Defendants' motion to dismiss.

## BACKGROUND

The Court draws the following facts from Boyce's amended complaint and accepts them as true for purposes of the motion to dismiss. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). In addition, the Court will construe Boyce's allegations liberally because he is proceeding pro se. *See Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). Boyce is an Illinois state prisoner who was confined at the Stateville Correctional Center at all times relevant to this action. (R. 59, Am. Compl., ¶ 1.) He filed this civil rights action pursuant

to 42 U.S.C. § 1983 against defendants Ada Johnson (Stateville's "placement officer"), Marcus Hardy (Stateville's warden at the relevant time), Salvador Godinez (Director of the Illinois Department of Corrections), James Louch (an engineer at Stateville), Ralph Burkybile (a Lieutenant at Stateville), Mark Hale (CEO of Wexford Health Sources, which provides medical care at Stateville), Latoya Williams (a doctor at Stateville who treated Boyce), Imohotep Carter (a doctor at Stateville who purportedly received letters from Boyce about Boyce's medical treatment), and three Doe defendants (John Doe counselor, John Doe electrician, and John Doe manufacturer of the electrical sockets used at Stateville). (*Id*. at p. 2-3.) Although not listed in the caption of Boyce's amended complaint, the body of the amended complaint and the docket for this case also include Lydia Dethrow (an employee at Stateville) as an additional defendant.

On February 23, 2012, Boyce was moved to a segregation cell in Stateville. (R. 59, Am. Compl., ¶ 1.) The cell had a dirty mattress that was covered with feces and stained with urine, as well as a "dysfunctional window" that did not close and thus allowed cold winter air to enter. (*Id*. ¶¶ 2, 3.) Burkybile and unspecified individuals denied Boyce's requests for cleaning supplies. (*Id*. ¶¶ 9, 39.) The following day, an electrical socket in the cell caught fire. (*Id*. at ¶ 5.) Boyce burned his hand attempting to extinguish the fire. (*Id*. ¶ 7.) The complaint does not detail the severity of Boyce's injuries.

Burkybile came to the cell to investigate a burning smell and rejected Boyce's request for medical assistance. (*Id*. ¶ 9.) Following the fire, Boyce wrote letters to Hardy complaining about the conditions in his cell and his medical care. (*Id*. ¶¶ 13-17.) Subsequently, Boyce asked Hardy to be moved to a different cell in a face-to-face interaction when Hardy was touring Stateville. (*Id*. ¶ 25.) Hardy also signed many of the grievances attached to Boyce's complaint in the capacity of a reviewer. Dethrow appears to have handled grievances filed by Boyce about the condition of his cell and the fire that were not resolved to Boyce's satisfaction. (*Id*., Ex. 34, 37.) Boyce also alleges that Dethrow told him that she "wasn't gonna testify against staff members" and encouraged him to "stop his grievance process." (*Id*. ¶¶ 23-24.)

The body of the complaint does not contain any specific allegations about Johnson but Boyce attaches letters to "Sarah Johnson" complaining about the denial of health care and the condition of his cell. (*Id*., Ex. 32, 79, and 104.) Boyce wrote letters to Louch complaining about the smoke and cold air in his cell but Louch ignored Boyce's requests for help. (*Id*. ¶ 28.) Boyce wrote similar letters to Godinez, who also did not respond. (*Id*. ¶ 30, Ex. 23, 97.)

**LEGAL STANDARD**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Thus, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. This means that a complaint must contain

2

sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Put differently, a complaint "must provide enough details about the subject matter of the case to present a story that holds together." *Mehta v. Beaconridge Improvement Ass'n*, 432 Fed. Appx. 614, 616 (7th Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Swanson v. Citibank*, 614 F.3d 400, 404 (7th Cir. 2010)). The Court asks "whether the story could have happened, not whether it did." *Id*.

## DISCUSSION

### I. Hardy, Johnson, Burkybile, and Louch

Burkybile argues that his refusal to take Boyce to the health care unit after Boyce burned his hand does not state a claim for deliberate indifference because a reasonable layperson would not have believed that Boyce needed immediate medical attention.

Hardy and Johnson assert that Boyce's allegations about them fail to state a claim based on deliberate indifference or Boyce's conditions of confinement because Boyce merely complained that a window was broken, he did not like his mattress, and his cell smelled like smoke. This mischaracterizes Boyce's allegations. Boyce complained to Hardy in writing and in person about his medical care following the socket fire incident, his mattress, and the allegedly frigid temperatures in his cell. Boyce wrote Johnson to complain about the denial of health care and the conditions in his cell. The Court must evaluate the sufficiency of Boyce's allegations, not Defendants' version of those allegations.

Louch, an engineer at Stateville, stresses that Boyce alleges that there was a "fire for almost 21 days" from approximately February 24, 2012, to March 15, 2012, when an electrician came to Boyce's cell and repaired the socket. (R. 59, Am. Compl., at 9.) Louch contends that this allegation is "so farfetched as to be unbelievable." (R. 74, Defs.' Mot., at 7.) Louch also argues that to the extent that the socket needed to be repaired, Boyce's complaints were not ignored as an electrician did so in mid-March.

#### A. Deliberate Indifference to A Serious Medical Need – Burkybile, Hardy, Johnson

Correctional officials may not act with deliberate indifference to an inmate's serious medical needs. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). Deliberate indifference has an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A medical need is objectively serious when "the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a

3

doctor's attention." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). With respect to the subjective component of the deliberate indifference test, a plaintiff must allege that the defendant in question was aware of and consciously disregarded his medical need. *See Farmer*, 511 U.S. at 837; *Estelle*, 429 U.S. at 103-04. "This subjective standard requires more than negligence and it approaches intentional wrongdoing." *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012).

Here, Boyce asked Burkybile to help him obtain medical care immediately after the electrical fire and complained to Hardy and Johnson about the treatment provided for smoke inhalation and his burned hand. Generally, non-medical prison officials are "entitled to relegate to the prison's medical staff the provision of good medical care." *See Burks v. Raemisch*, 555 F.3d 592, 990 (7th Cir. 2009). Nevertheless, non-medical "prison officials may be found to be deliberately indifferent to a prisoner's serious medical needs if 'they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.'" *Flournoy v. Ghosh*, 881 F. Supp. 2d 980, 990 (N.D. Ill. 2012) (quoting *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008)); *see also McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2103).

At the motion to dismiss stage, the Court cannot resolve factual disputes about the reasonableness of Burkybile's actions following the fire. *See, e.g., Wojcik v. InterArch, Inc.*, No. 13-CV-1332, 2013 WL 5904996, at *13 (N.D. Ill. Nov. 4, 2013). Thus, Burkybile's request to dismiss the deliberate indifference claim against him is denied.

With respect to Hardy and Johnson, Boyce's letters to them support an inference that these Defendants knew that Boyce claimed that medical personnel had mistreated him or failed to provide necessary follow-up care. *See Burks*, 555 F.3d at 594 ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise"). Discovery may elicit evidence demonstrating that these Defendants' apparent deference to the treatment provided to Boyce by medical staff was appropriate. *See Harris v. Ghosh*, No. 10 C 7136, 2012 WL 3903894, at *8 (N.D. Ill. Sept. 7, 2012) (granting summary judgment to non-medical defendants because record did not show that these defendants' decision to defer to the judgment of medical professionals was, itself, deliberately indifferent). At this stage, however, Boyce has stated a viable Eighth Amendment deliberate indifference claim against Hardy and Johnson. Accordingly, their motion to dismiss this claim is denied.

### B. Conditions of Confinement – Hardy, Johnson, Louch

As with deliberate indifference claims, Eighth Amendment claims based on a prisoner's conditions of confinement have an objective and a subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective prong focuses on whether the conditions at issue exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Jamison-Bey v. Thieret*, 867 F.2d

1046, 1048 (7th Cir. 1989). The subjective prong focuses on whether officials were aware of facts supporting an inference that a substantial risk of serious harm existed and drew that inference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014).

Boyce alleges that for at least six months in 2012, he was exposed to freezing temperatures due to the broken window and was forced to sleep on an unhygienic mattress that was covered in feces and stained with urine. He also alleges that he was burned and inhaled dangerous levels of smoke due to the electrical socket fire. These allegations satisfy both the objective and subjective prongs of the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (holding that a minimal standard of habitability includes protection from cold and observing that "the fact-intensive inquiry into the inadequate heating, the severity of the resulting cold, and the duration of the inmate's exposure to it generally requires the development of a factual record"); *Merritt v. Williams*, No. 11-CV-706-MJR, 2012 WL 3582751, at *10-11 (S.D. Ill. Aug. 20, 2012) (allowing a conditions of confinement claim to proceed based on allegations that defendant prison employees were aware that a prisoner was being exposed to human waste in his cell); *West v. Walker*, No. 06 C 4350, 2007 WL 2608789, at *1 (N.D. Ill. Sept. 4, 2007) (denying motion to dismiss filed by Stateville's warden based on the plaintiff's allegations about "an apparently widespread and all-too-frequent problem of inmates in the segregation unit starting fires, with no official response" because the warden "was presumably aware of the situation and in a position to address the problem"). The motion to dismiss the conditions of confinement claims against Hardy and Johnson is, therefore, denied.

Turning to Louch, the exhibits attached to the complaint include letters from Boyce to Louch that elucidate Boyce's claim. Boyce appears to be contending that a faulty socket in his cell caused a fire to break out, creating a dangerous ongoing electrical condition that Louch failed to correct in a timely fashion. (R. 59, Am. Compl., at 8 & Ex. 22.) Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Nevertheless, prolonged exposure to wiring proven to be capable of spontaneously catching on fire is an obvious safety hazard that satisfies the Eight Amendment's objective prong. *See Adams v. Harrington*, No. 14-CV-0366-JPG, 2014 WL 1491247, at *1-3 (S.D. Ill. Apr. 16, 2014) (denying motion to dismiss conditions of confinement claim where a diabetic plaintiff alleged that for approximately 6 weeks, the floor of his cell was hot enough to burn his feet).

Moreover, Boyce has alleged that Louch was aware of the problem with the socket and the risk of another fire but took an unreasonably long time to have the socket repaired. This allegation satisfies the subjective prong. *See Farmer*, 511 U.S. at 834 (holding that the Eighth Amendment's subjective prong requires a prisoner to allege that defendant officials knew of and disregarded an excessive risk to his health or safety); *see also Turner v. Miller*, 301 F.3d 599, 604 (7th Cir. 2002) (affirming verdict against a prisoner who asserted he had been shocked by exposed electrical wires in the shower based on the Eight Amendment's subjective prong because no evidence showed that the defendants knew about the wires). Louch's motion to dismiss is denied.

## II. Dethrow

Summons issued as to Dethrow as she was listed in the caption of the original complaint and the claims against her survived initial review. (R. 1, 6.) She was served, counsel filed an appearance on her behalf, and she filed a motion to dismiss the claims in the second amended complaint directed at her. (R. 38, 43, 44, 74.) The second amended complaint, however, does not include Dethrow in the caption.

The caption must contain the names of all parties. Fed. R. Civ. P. 10(a). Pro se prisoners must comply with this rule. *Cash v. Marion Cnty. Jail*, 211 Fed.Appx. 486, 488 (7th Cir. 2006). Dethrow does not argue that she is not a proper party due to the failure to include her in the caption of the second amended complaint. (R. 74 at p. 6.) Moreover, Dethrow was served, is defending against the second amended complaint, and is listed on the docket as a party. Thus, the Court will not require Boyce to amend his complaint to correct the caption. *Cf. Spivey v. Randal*, No. 13-CV-503-MJR, 2013 WL 3200497, at *2 (S.D. Ill. June 24, 2013) (declining to "sort out the defendants and claims on its own" where the caption of a complaint filed by a pro se prisoner did not correspond with the defendants discussed in the complaint's body because the complaint failed to make clear "each claim and against whom it is asserted").

Turning to the merits of Dethrow's motion to dismiss, Dethrow asserts that Boyce's allegations that she refused to testify against unidentified staff members or address his issues are unadorned accusations that fail to state an Eighth Amendment claim. The amended complaint, however, attaches grievances handled by Dethrow that detail Boyce's complaints about the cold temperatures in his cell and the consequences of the electrical socket fire. (R. 59, Am. Compl., Ex. 34, 37.) Documents attached to the complaint are properly before the Court when deciding a motion to dismiss. *See, e.g., Wojcik v. InterArch, Inc.*, No. 13-CV-1332, 2013 WL 5904996, at *6 (N.D. Ill. Nov. 4, 2013). Thus, Dethrow's motion to dismiss is denied.

## III. Godinez

Boyce alleges that Godinez exposed him to unconstitutional conditions of confinement and ignored his letters asking for help. (R. 59, Am. Compl., at 10-11 & Ex. 23, 97.) On July 14, 2014, the Court granted Godinez's oral motion to join in the defendants' motion to dismiss. (R. 107.) The Court assumes that Godinez believes that the Court should dismiss the claim against him because he was not directly involved with the scheduling of the electrical work in Boyce's cell or the failure to address the drafty window and the unhygienic mattress.

"[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) (internal quotation omitted); *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). A government official satisfies this requirement if he condoned or acquiesced in a subordinate's unconstitutional actions. *Id*.

Boyce wrote letters to Godinez complaining about the socket, the window, and the mattress.  (R. 59, Am. Compl., Ex. 23, 97.)  A supervisory prison official may not turn a blind eye to alleged constitutional violations.  *Liebich v. Hardy*, No. 11 C 5624, 2013 WL 4476132, at *7 (N.D. Ill. Aug. 19, 2013).  Thus, an allegation that a supervisory official knew about an alleged constitutional violation and failed to act is sufficient to state a claim for deliberate indifference.  *Id.*  Boyce's letters to Godinez placed Godinez on notice regarding the conditions in Boyce's cell, and Godinez did not take action based on those letters.  Accordingly, Godinez's request to dismiss the Eighth Amendment claim against him is denied.

ENTERED:

Dated:  July 17, 2014

_____
AMY J. ST. EVE
United States District Court Judge